# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE J.R. ESPINOZA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. DIAZ, et al.,<br><br>　　　　　Defendants. | Case No.  1:17-cv-00338-SAB (PC)<br><br>ORDER DISMISSING CERTAIN CLAIMS WITHOUT LEAVE TO AMEND AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>THIRTY DAY DEADLINE |

Plaintiff Jose J.R. Espinoza is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On March 13, 2017, Plaintiff consented to the jurisdiction of the magistrate judge.  Currently before the Court is Plaintiff's complaint, filed March 8, 2017.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is housed at the California Correctional Facility in California City. Plaintiff was convicted in 2007 of assault with a deadly weapon, an automobile. (Compl. 5, 19.) At trial, the jury found Plaintiff not guilty of attempted murder and attempted voluntary manslaughter. (Compl. 5, 20, 21.) Plaintiff contends that the criminal conviction was adjudicated as a nonviolent felony. (Compl. 5.)

Plaintiff alleges that prison officials have made an adverse determination that his conviction was for a violent felony based upon inadequate records being maintained by CDCR. (Compl. 5.) Due to the determination that Plaintiff was convicted of a violent felony, Plaintiff has been denied the right to have a lower security custody, reduction of his 80 percent credit

1   earning status, and longer duration of custody.  (Compl. 5.)

2          On March 2, 2010, upon review of Plaintiff's conviction, the classification committee

3   determined that Plaintiff rammed his vehicle into the victim's car and then attacked the victim

4   through the sunroof of the vehicle with a screwdriver.  (Compl. 10.)   Based upon the

5   circumstances of Plaintiff's conviction, Plaintiff was determined to have a custody status of

6   Medium A.  (Compl. 10.)   The classification was affirmed on March 4, 2010 when the

7   classification staff representative determined that Plaintiff rammed his vehicle into the victim's

8   car and forced her into oncoming traffic.  (Compl. 10.)  Plaintiff continued his attack until the

9   victim drove to the police station.  (Compl. 10.)

10         On July 19, 2016, Plaintiff appeared before the classification committee for his annual

11  review.  (Compl. 22.)   The committee determined that Plaintiff did not meet the criteria for

12  Medium B custody.  (Compl. 23.)

13         Plaintiff filed an appeal after the committee members denied him Medium B custody.

14  (AR 10.)   Plaintiff has filed inmate appeals and his custody status has not been corrected.

15  (Compl. 6.)  Plaintiff contends that the named defendants have failed in their duty to conduct an

16  independent review of the records concerning his conviction and correct his custody.  Plaintiff

17  contends that he was actually sentenced pursuant to California Penal Code section 2933 and not

18  California Penal Code Section 2933.1.  (Compl. 5-6.)  Plaintiff states that he should actually be

19  serving a 50 percent credit earning sentence for his criminal conviction and not an 85 percent

20  sentence.  (Compl. 6.)

21                                          **III.**

22                                      **DISCUSSION**

23         In this action, Plaintiff is challenging his custody status and arguing that he is serving an

24  85 percent sentence when he should be serving a 50 percent sentence.  A habeas corpus petition

25  is the correct method for a prisoner to challenge the "legality or duration" of his confinement.

26  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475,

27  485 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

28  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner

1    to challenge the conditions of that confinement.   McCarthy v. Bronson, 500 U.S. 136, 141-42

2    (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1

3    of the Rules Governing Section 2254 Cases.

4          **A.        Habeas Corpus**

5          Actions that are at the core of habeas cannot be brought in an action under section 1983.

6    Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016), cert. denied, 137 S. Ct. 645 (2017)).  A

7    prisoner must obtain relief under the federal habeas statute where success on the claim would

8    necessarily spell speedier release from custody, which includes termination of custody,

9    acceleration of the future date of release from custody, or reduction of the level of custody.

10   Preiser, 411 U.S. at 486, 500; Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005); Skinner v.

11   Switzer, 562 U.S. 521, 534 (2011)); Humphrey v. Cady, 405 U.S. 504, 513 (1972).

12         1.        Time Credits

13         In this action, Plaintiff's claims regarding the allegation that CDCR erroneously

14   determined that he was convicted of a violent felony and is therefore not properly being given

15   time credits strikes at the core of habeas and cannot be pursued in an action under section 1983.

16   Accordingly, these claims are dismissed from this action without leave to amend.

17         2.        Custody Level

18         In Nettles v. Grounds, 788 F.3d 992 (9th Cir. 2015), reh'g en banc granted, 810 F.3d

19   1138 (9th Cir. 2016), and on reh'g en banc, 830 F.3d 922 (9th Cir. 2016), cert. denied, 137 S. Ct.

20   645, 196 L. Ed. 2d 542 (2017), the Ninth Circuit recognized that a claim sounds in habeas when

21   the prisoner will not gain his freedom but is seeking release to a different form of custody.  788

22   F.3d at 998.  The Ninth Circuit found that a claim sounds in habeas if success on the merits

23   would "necessarily spell speedier release" from custody, which Skinner suggested would include

24   termination of custody, acceleration of the future date of release from custody, or reduction of

25   the level of custody."  Nettles, 788 F.3d at 1001.

26         Having previously held that "[h]abeas corpus jurisdiction is also available for a prisoner's

27   claims that he has been subjected to greater restrictions of his liberty, such as disciplinary

28   segregation, without due process of law[,]" "a prisoner's claim for release from one form of

                                                    4

1  custody to another, less restrictive form of custody, can be brought in a habeas petition." Id. at

2  1005. However, "[a] prisoner who is not seeking a quantum change in the level of custody, such

3  as release from disciplinary segregation to the general prison population, or release from prison

4  on bond, parole, or probation, but is merely 'seeking a different program or location or

5  environment' even if 'the program or location or environment that he is challenging is more

6  restrictive than the alternative that he seeks' " cannot bring the claim in habeas.

7       Here, Plaintiff is seeking a lesser level of custody, but it is unclear whether this would be

8  a quantum change in the level of custody that could be brought in habeas.

9       **B.     Section 1983 Claims**

10      1.    Defendant Liability

11      Government officials may not be held liable for the actions of their subordinates under a

12  theory of *respondeat superior*. Iqbal, 556 U.S. at 673. Since a government official cannot be

13  held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that

14  the official has violated the Constitution through his own individual actions. Id. at 673. In other

15  words, to state claim for relief under section 1983, Plaintiff must link each named defendant with

16  some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

17      2.    Due Process Claim

18      Plaintiff alleges that he is being denied lower security custody level because the records

19  used to classify his custody level were inadequate and brings a due process claim. The

20  Fourteenth Amendment's Due Process Clause protects persons against deprivations of life,

21  liberty, or property; and those who seek to invoke its procedural protection must establish that

22  one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Liberty

23  interests may arise from the Due Process Clause itself or from an expectation or interest created

24  by prison regulations. Wilkinson, 545 U.S. at 221.

25      The Due Process Clause does not confer on inmates a liberty interest in avoiding more

26  adverse conditions of confinement, and the existence of a liberty interest created by prison

27  regulations is determined by focusing on the nature of the condition of confinement at issue.

28  Wilkinson, 545 U.S. at 221-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84 (1995))

1  (quotation marks omitted).  Such liberty interests are generally limited to freedom from restraint

2  which imposes atypical and significant hardship on the inmate in relation to the ordinary

3  incidents of prison life.  Id. at 221(citing Sandin, 515 U.S. at 484) (quotation marks omitted);

4  Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

5       In determining if a liberty interest exists, the court may consider "1) whether the

6  challenged condition 'mirrored those conditions imposed upon inmates in administrative

7  segregation and protective custody,' and thus comported with the prison's discretionary

8  authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether

9  the state's action will invariably affect the duration of the prisoner's sentence."  Brown v.

10  Oregon Dep't of Corr., 751 F.3d 983, 987 (9th Cir. 2014) (quoting Ramirez v. Galaza, 334 F.3d

11  850, 861 (9th Cir. 2003)).

12       Plaintiff has not alleged any atypical significant hardship in relation to the ordinary

13  incidents of prison life.  There are no allegations in the complaint that Plaintiff's security

14  designation was outside of the range of confinement that would be normally expected by prison

15  inmates in relation to the ordinary incidents of prison life.  Therefore, Plaintiff fails to state a due

16  process claim.

17       Further, the requirements of due process are flexible and the procedural protections

18  required are as the particular situation demands.  Wilkinson, 545 U.S. at 224.  "To satisfy

19  procedural due process, a deprivation of life, liberty, or property must [generally] be preceded by

20  notice and opportunity for hearing appropriate to the nature of the case."  Lone Star Sec. &

21  Video, Inc. v. City of Los Angeles, 584 F.3d 1232, 1236, 1238 (9th Cir. 2009) (internal

22  punctuation and citations omitted).

23       Plaintiff alleges violations of due process due to inadequate records used to determine his

24  custody level, but contrarily states that the records were available for review.  The crux of

25  Plaintiff's due process claim appears to be that since he was found not guilty of the attempted

26  murder and attempted involuntary manslaughter charges, the jury found that he did not stab the

27

28

6

victim with a screwdriver.[1]  Therefore, his conviction for assault with a deadly weapon should be a nonviolent felony.  Based upon review of Plaintiff's complaint, he has received an initial classification review and annual review of his custody classification at which he appeared and had an opportunity to be heard.  Plaintiff has challenged the findings which have been upheld at each stage of the process.  Plaintiff has failed to allege facts to show that he was denied due process in his security classification and his disagreement with the committee's determination is insufficient to state a due process claim.

## IV.

## CONCLUSION AND ORDER

Plaintiff's complaint fails to state a cognizable claim for a violation of his federal rights. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff opts to amend, his amended complaint should be brief.  Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' " "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[1] The Court notes that the record also shows that Plaintiff was convicted of two counts of Penal Code section 245, and Penal Code sections 594(b)(1), Vandalism, and 667(a)(01), Habitual Criminal.  (Compl. 10.)  It appears that there Plaintiff has a second conviction for violation of Penal Code section 245.

inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).

Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's complaint, filed March 8, 2017, is dismissed for failure to state a claim;

3. Plaintiff's claim based upon not properly being given time credits is dismissed without out leave to amend;

4. Plaintiff is granted leave to file an amended complaint as to his claim that he was denied due process in being found to have a custody status of Medium A;

5. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order; and

6. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **May 10, 2017**

_____
UNITED STATES MAGISTRATE JUDGE

8