# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE J.R. ESPINOZA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>D. DIAZ, et al.,<br><br>　　　　　Defendants. | Case No.: 1:17-cv-00338-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO WITHDRAW CONSENT<br>(ECF No. 21)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br>(ECF No. 11)<br><br>**TWENTY-ONE- DAY DEADLINE** |

## I. Introduction

Plaintiff Jose J.R. Espinoza is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

The original complaint was filed in this action on March 3, 2017. (ECF No. 1.). Plaintiff challenged his custody status and argued he was serving an 85% sentence when he should have been serving a 50% sentence. On March 17, 2017, Plaintiff consented to the jurisdiction of a United States Magistrate Judge. (ECF No. 8.)

On May 10, 2017, an order was entered finding that Plaintiff had failed to state a cognizable claim and informing him which aspects of his claims appeared to be cognizable only as a habeas corpus action. The Court further granted Plaintiff leave to file an amended complaint

1

regarding his allegations that he was denied due process in being found to have a custody status of Medium A. (ECF No 10.)

On June 12, 2017, Plaintiff filed a first amended complaint. (ECF No. 11.) On September 11, 2017, the Court reviewed Plaintiff's amended allegations and found that his sole avenue for relief lies in habeas corpus, and dismissed this action without prejudice for the failure to state a claim for relief that is cognizable under section 1983. (ECF No. 14.) Judgment was entered that same day. (ECF No. 15.) Plaintiff appealed. (ECF No. 16.)

On January 19, 2018, the Ninth Circuit Court of Appeals vacated and remanded the action to this Court. (ECF No. 20.) Specifically, the Ninth Circuit reviewed *de novo* whether the undersigned validly entered judgment on behalf of the district court. The Ninth Circuit found that Plaintiff's action was dismissed before the named defendants had been served, and that "all parties, including unserved defendants, must consent to proceed before the magistrate judge for jurisdiction to vest, Williams v King, 875 F.3d 500, 503-04 (9th Cir. 2017)." (Id. at 2.) Therefore, the undersigned's September 11, 2017 order was vacated and remanded for further proceedings. The Ninth Circuit issued its mandate on February 12, 2018. (ECF No. 22.)

In the meantime, Plaintiff filed a motion to withdraw consent to proceed before a United States Magistrate Judge, on February 5, 2018. The Court will first address Plaintiff's motion.

**II.    Motion to Withdraw Consent**

Plaintiff moves to withdraw consent to magistrate judge jurisdiction, and requests to proceed before a district judge. (ECF No. 21.) He attaches an election form stating that he does not consent to have a United States Magistrate Judge conduct all further proceedings in this case. (Id. at 2.) As noted above, on March 17, 2017, Plaintiff consented, under 28 U.S.C. § 636(c), to conduct all proceedings in this case before a United State Magistrate Judge, including dispositive matters and entry of final judgment.

Reference to a magistrate judge following a party's consent can be vacated upon a showing of extraordinary circumstances by the party. 28 U.S.C. § 636(c)(4). Plaintiff has not presented extraordinary circumstances suggesting his consent to Magistrate Judge jurisdiction should be vacated. Therefore, Plaintiff's request to withdraw his consent will be denied.

2

However, by this order, the Court will direct that this matter be randomly assigned to a United States District Judge, and as discussed below, the undersigned will issue findings and recommendations to the District Judge, as the unserved defendants in this case have not yet consented, declined, or withheld consent to Magistrate Judge jurisdiction.

Accordingly, the Court now turns to Plaintiff's first amended complaint, filed on June 12, 2017, which is currently before the Court for screening.

## II. **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

///
///

The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III. **Allegations**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is currently housed at the California City Correctional Facility, in California City. Plaintiff was convicted of one count of assault with a vehicle on March 5, 2007. (Am. Compl. ("AC"), ECF No. 11, at 4.)

On July 19, 2016, Defendant Diaz called Plaintiff into his office to sign a 72 hour prior notice of committee. (AC 4.) Defendant Diaz informed Plaintiff that he would be conducting a Medium B custody review and Plaintiff would remain at Medium A custody due to the March 5, 2007 allegations that Plaintiff slashed and stabbed victim Pedro Polanco in the head with a large screwdriver and that Polanco had received four puncture wounds on the top of his head. (AC 4-5.) Plaintiff told Defendant Diaz that he had been found not guilty of that charge and the jury found that those events had not taken place. (AC 6.) Plaintiff contended that he had only been found guilty of one count of assault with a vehicle which is a non-violent offense. (AC 6.) Defendant Diaz responded that just because the jury found Plaintiff not guilty did not mean that the event did not happen and Plaintiff would remain on Medium A custody. (AC 6.)

On July 20, 2016, Defendant Diaz and Ortis conducted Plaintiff's annual and Medium B custody review. (AC 7, 10.) Defendant Diaz and Ortis received and reviewed Plaintiff's current and prior commitments. (AC 7-8, 10.) Defendant Diaz and Ortis "erroneously" determined that on March 5, 2007, Plaintiff had slashed and stabbed Polanco in the head with a large screwdriver and Polanco had received 4 puncture wounds in the top of his head. (AC 8, 10.) Based on those allegations, Plaintiff was denied a change in custody level to Medium B. (AC 8, 10.)

Plaintiff also alleges this denied him the ability to seek a further reduction in custody and the benefit of receiving the relief mandated on June 5, 2015, under the order of Plata. Plaintiff attaches a memo from the Prison Law Office informing inmates that under an order from a three-judge panel everyone classified as a Minimum A or Minimum B custody inmate and eligible to

earn 1-for-1 time credits would begin earning 2-for-1 time credits retroactive to January 1, 2015; and a memorandum on the subject directed to CDCR personnel. (Attached as Exhibit C, AC 68-85.) Plaintiff alleges that the reduction in his custody level would have reduced his custody points from 19 to 0 making him eligible to receive the relief. (AC 9.)

Plaintiff tried to explain to Defendant Diaz and Ortis that they were using facts that had been adjudicated and found to be untrue to determine Plaintiff's custody level. (AC 9, 10-11.) Defendant Diaz and Ortis insisted on using this inaccurate information to determine Plaintiff's custody level. (AC 9-10, 11.)

Plaintiff filed an administrative grievance on August 16, 2016, grieving the denial of the Medium B custody determination. (AC 12-13.) On September 14, 2016, Defendant Rodriguez conducted a first level review interview with Plaintiff. (AC 14.) Defendant Rodriguez reviewed Plaintiff's current and prior commitments. (AC 14.) During the interview, Plaintiff asked Defendant Rodriguez to look at the Strategic Offender System, which she did. (AC 14.) Plaintiff pointed out that the Board of Prison Hearing ("BPH") used the same erroneous and inaccurate information on July 28, 2015 to deny him parole. (AC 15.) Plaintiff then told Defendant Rodriquez that he had contested this information to the BPH and they corrected and removed this information. (AC 15.) Plaintiff then showed Defendant Rodriguez that the facts alleged had been changed in the BPH from an aggravating factor to a mitigating factor. (AC 16.) Defendant Rodriguez told Plaintiff that she could see the change and would check with Case Records. (AC 16.) Defendant Rodriguez chose to not correct the inaccurate information. (AC 17.)

On September 27, 2016, Defendant Lundy reviewed Plaintiff's appeal at the first level and denied Plaintiff's appeal. (AC 17-18.)

On September 30, 2016, Plaintiff submitted his appeal to the second level. (AC 18.) Defendant Barela conducted a second level review and concluded that Plaintiff had attacked Polanco by stabbing him in the head with a screwdriver. (AC 19.) Defendant Anti concluded at second level review that there was no basis to modify the first level appeal. (AC 19.)

///

///

Plaintiff submitted the appeal to the third level on November 8, 2016. (AC 20.) Defendant Dominguez conducted a third level review and similarly concluded that Plaintiff had attacked Polanco by stabbing him in the head with a screwdriver. (AC 20-21.) Defendant Hemenway reviewed the appeal on January 25, 2017, and denied the appeal. (AR 21.)

Plaintiff brings this action against Defendants Rodriguez, Ortis, Barela, Dominguez, Lundy, and Hemenway alleging violations of equal protection and due process. (AC 23.) Plaintiff seeks declaratory and injunctive relief, and monetary damages. (AC 24-27.)

**IV. Discussion**

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Muhammad, 540 U.S. at 750 (internal citations omitted). The Supreme Court "has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action." Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016), cert. denied, 137 S. Ct. 645 (2017). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. ). In Nettles, the Ninth Circuit held that "a § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus." Nettles, 830 F.3d at 927.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or

called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Id. at 486-87. "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487.

In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court considered whether a prisoner could bring a claim for damages under section 1983 where he was alleging that a hearing officer in his disciplinary hearing denied his due process rights by concealing exculpatory witness statements and refused to ask specific questions of witnesses which intentionally denied him the right to present evidence in his defense. Id. at 644. The plaintiff sought damages for the denial of good time credits based on being found guilty of the rule violation. Id. The Court found that the defect complained of in the complaint would, if established, necessarily imply the invalidity of the deprivation of his good-time credits and his claims for injunctive relief and damages were not cognizable under section 1983. Id. at 647-48.

In Wilkinson v. Dotson, 544 U.S. 74 (2005), two inmates brought an action under section 1983 challenging state parole procedures that were alleged to violate the Constitution. Id. at 76. Habeas corpus relief is the only avenue when a prisoner seeks to invalidate the duration of his confinement either directly through an injunction compelling earlier release, or indirectly through a judicial determination that necessarily implies the invalidity of the State's custody. Id. Therefore, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-82. The Court found that, if the plaintiffs succeeded in the action, at most they would receive new eligibility review or consideration of a new parole application. Id. at 82. Because the claims did not necessarily mean speedier release neither was at the core of habeas corpus and the claims could proceed in a section 1983 action. Id.

///

In the instant action, Plaintiff alleges that his custody level has been improperly determined to be Medium A and seeks to have his custody level changed to Medium B. Plaintiff states that if his custody level was correct he would be eligible to receive time credits at 2-to-1. (AC 9.) Because success on the merits of this action would necessarily demonstrate the invalidity of the duration of Plaintiff's confinement, his sole avenue for relief lies in habeas corpus. Dotson, 544 U.S. at 82. Accordingly, Plaintiff fails to state a cognizable claim for relief under section 1983.

### V. Conclusion and Recommendation

Based upon the allegations in Plaintiff's original complaint and first amended complaint, the Court finds that Plaintiff's claims are not cognizable under section 1983, and must be brought in habeas corpus. *See Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.") Further leave to amend is not warranted, as the defect cannot be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to withdraw consent to proceed before a United States Magistrate Judge, filed on February 5, 2018 (ECF No. 21), is denied.

Further, the Clerk of the Court is HEREBY DIRECTED to randomly assign a district judge to this action.

Finally, for the reasons explained above, IT IS HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to state a claim for which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///

///

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 13, 2018**

UNITED STATES MAGISTRATE JUDGE